NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEREMY VILLAGRAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BECKY SCOTT, *et al.*,<br><br>    Defendants. | No. 24cv6523 (EP) (MAH)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Jeremy Villagran is a prisoner confined in Bayside State Prison in Leesburg, New Jersey. Villagran brings Eighth Amendment claims under 42 U.S.C. § 1983 against Becky Scott and Hudson County Corrections ("Hudson County Jail") (collectively, "Defendants") for failing to protect him from exposure to COVID-19 in December 2023, and for failure to promptly treat his COVID-19 symptoms when he became ill. D.E. 1 ("Complaint" or "Compl.").[1] Villagran seeks monetary damages. *Id.* at 3-4.[2]

On December 2, 2024, Villagran filed a Motion to Appoint Pro Bono Counsel and also notified the Court of his change of address, from Hudson County Jail in Kearny, New Jersey, to Bayside State Prison. D.E. 4. For the reasons explained below, the Court will **DISMISS** the Complaint ***without prejudice*** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331. The Court granted Villagran's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). D.E. 3.

[2] The Complaint consists of a form= followed by a handwritten attachment. For ease, the Court cites to the page numbers assigned to the docket by the Court's Electronic Case Management System ("CM/ECF") on the top right corner of each page.

Therefore, the Court will **DISMISS** *without prejudice* Villagran's Motion to Appoint Counsel, D.E. 4, as **MOOT**.

I.   BACKGROUND[3]

Villagran was incarcerated in Hudson County Jail in December 2023. Compl. at 8. After three days of suffering from flu-like symptoms, he could no longer hold down food or liquids, so he submitted a medical request slip to a nurse. *Id.* A nurse responded and tested him for COVID-19. *Id.* The results were positive. *Id.* Villagran was removed from his unit and "thrown into a Dry Cell without any medical attention and [his] vitals were not checked." *Id.* He felt so weak that he feared dying. *Id.* at 8-9.

Villagran pleaded with a corrections officer for immediate medical attention. *Id.* at 9. It was not until he contacted a family member, who called the jail on his behalf, that Villagran was escorted to the medical department. *Id.* A nurse gave him Tylenol and a very small cup of Gatorade for dehydration. *Id.* He was never seen by a doctor. *Id.* The medical unit never tested anyone in Villagran's housing unit for COVID-19 before Villagran became sick. *Id.* at 9-10.

Villagran seeks a total of $400,000 in compensatory and punitive damages, because he was "locked in a cell 23 ½ hours without any medical attention for two weeks" and "due to the life threatening risk Hudson County put [him] in." *Id.* at 2, 10-11.

---

[3] The facts in this section are taken from the well-pled factual allegations in the Complaint, which the Court presumes to be true for purposes of resolving the motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

II.  **LEGAL STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), a district court must *sua sponte* screen a civil complaint filed by a prisoner proceeding IFP for cognizable claims, and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).  The standard for dismissal for failure to state a claim on *sua sponte* screening is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).  To avoid dismissal of a complaint, the complaint must "state a claim to relief that is plausible on its face" when the facts are accepted as true.  *Kalu v. Spaulding*, 113 F.4th 311, 324-25 (3d Cir. 2024) (cleaned up).  "A claim is plausible" if the reviewing court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (cleaned up).  The factual allegations must describe what occurred and why the defendants should be held liable; "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court construes Plaintiff's *pro se* Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.  *Kalu*, 113 F.4th at 325.  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Ashton v. City of Uniontown*, 459 F. App'x 185, 187 (3d Cir. 2012) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

III.  **ANALYSIS**

Villagran argues that Defendants subjected him to cruel and unusual punishment, in violation of the Eighth Amendment, by exposing him to COVID-19 in Hudson County Jail and by failing to provide adequate medical care after he contracted COVID-19.  Compl.  Based on

pleading deficiencies in the Complaint, however, the Court will **DISMISS** the Complaint *without prejudice* for failure to state an Eighth Amendment claim .

      A.      **Villagran's Conditions of Confinement Claims Are Inadequately Pled**

Section 1983 provides a remedy for persons deprived, by a state actor, of a federal constitutional or statutory right. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). In cases involving conditions of confinement, the Constitution treats pretrial detainees and convicted and sentenced prisoners differently. *See Hubbard v. Taylor*, 399 F.3d 150, 164-65 (3d Cir. 2005) (discussing differing standards of constitutional protection over incarcerated individuals). Villagran has not alleged whether he was a pretrial detainee or a convicted and sentenced prisoner at the time Defendants allegedly exposed him to COVID-19 by failing to test inmates at Hudson County Jail. Based on his transfer from a county jail to a state prison, it is likely Villagran was incarcerated both as a pretrial detainee and later as a convicted and sentenced prisoner. Villagran also did not allege when he was sentenced. However, because he alleges a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause—which is applicable only to convicted and sentenced prisoners[4]—the Court will infer that Villagran was a convicted and sentenced state prisoner at the time of the events alleged in the Complaint.[5]

The Eighth Amendment imposes on prison officials the duty to provide humane conditions of confinement, including provision of adequate medical care and the obligation to take reasonable measures to protect inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty extends to protection against future harm from unsafe conditions, including "serious contagious

---

[4] *See Bell v. Wolfish*, 441 U.S. 520 (1979) (discussing the differing constitutional standards appliable to pretrial detainees and convicted and sentenced prisoners).
[5] If Villagran was a pretrial detainee during the relevant time period, he may assert his conditions of confinement claims under the Fourteenth Amendment Due Process Clause in an Amended Complaint if he can allege sufficient facts to state a claim.

diseases[.]" *Helling v. McKinney*, 509 U.S. 25, 34 (1993). Thus, "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer*, 511 U.S. at 828 (cleaned up).

To state a claim for relief under § 1983, "a plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrongs.'" *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Id.* "[L]iability under § 1983 may be imposed on an official with final policymaking authority if that official establishes an unconstitutional policy that, when implemented, injures a plaintiff." *Id.* at 223 (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

"A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978)). Local governments "are not vicariously liable under § 1983 for their employees' actions." *Id.* "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Id.* at 60-61 (quoting *Monell*, 436 U.S. at 691). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61 (citations omitted).

Villagran named "Hudson County Correction" as a defendant. A county jail is not a "person" subject to suit under § 1983, although the county itself may be a proper defendant. *See*

5

*Abner v. Somerset Cnty. Jail*, No. 18-16911, 2019 WL 1904880, at *2 (D.N.J. Apr. 29, 2019) (citing *Barrett v. Essex Cty. Corr. Facility*, No. 15-595, 2015 WL 1808523, at *3 (D.N.J. Apr. 16, 2015)) (additional citations omitted). The Court will liberally construe the Complaint to assert an Eighth Amendment conditions of confinement claim against Hudson County.

The Complaint alleges "Hudson County was aware of the outbreak before [Villagran] got sick but they neglected to take any action in trying to prevent the outbreak." Compl. at 10. Villagran has not pled sufficient facts to allege that an official policy or practice of Hudson County is what caused his exposure to COVID-19. Moreover, "[i]t is well known that COVID-19 vaccines, which were widely available before . . . August 2022, are effective to prevent serious illness from COVID-19 in most people." *Andino v. Aviles*, No. 22-5706, 2023 WL 5970920, at *3 (D.N.J. Sept. 14, 2023) (citing *Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *1 (3d Cir. Aug. 23, 2023) (citing *Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021)). Villagran has not alleged that he was unvaccinated or that he suffers a medical condition that put him at higher risk from COVID-19. Thus, he fails to allege sufficient facts to show how Hudson County was deliberately indifferent to a substantial risk of serious harm posed to him by exposure to COVID-19. The Court will therefore **DISMISS** the Eighth Amendment conditions of confinement claim against Hudson County ***without prejudice***.

The Complaint also attempts to allege an Eighth Amendment conditions of confinement claim against Scott. However, nowhere in the Complaint does Villagran allege facts concerning Scott's personal involvement to his exposure to COVID-19. *See Chavarriaga*, 806 F.3d at 223 (dismissing § 1983 claim where the plaintiff failed to establish the defendant's personal involvement in the acted alleged to violate the Constitution). Therefore, Villagran also fails to state

6

an Eighth Amendment conditions of confinement claim against Scott. The Court will **DISMISS** the claim *without prejudice*.

      **B.**      **Villagran's Inadequate Medical Care Claims Are Inadequately Pled**

Convicted and sentenced prisoners are protected from deliberate indifference to their serious medical needs under the Eighth Amendment, while pretrial detainees are protected by the same standard under the Fourteenth Amendment. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). A plaintiff must allege he has a medical need that is objectively serious, such as a condition diagnosed by a physician as requiring treatment. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). Deliberate indifference to a serious medical need may be established by complete denial of medical care. *Id.* at 535. But when medical care is provided, courts "presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Id.* Furthermore, "the mere receipt of inadequate medical care does not itself amount to deliberate indifference—the defendant must also act with the requisite state of mind when providing that inadequate care." *Id.* (quoting *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.13 (3d Cir. 1993)). Thus, deliberate indifference has two subcomponents, whether the medical care was objectively inadequate, and whether the defendant subjectively acted with the requisite state of mind, acting without exercising professional judgment. *Id.* at 536.

In support of his inadequate medical care claim, Villagran alleged an unidentified corrections officer denied his request to go to the medical department for treatment of COVID-19. Compl. at 9. He further alleged that when he finally saw a nurse two weeks later, he was only given Tylenol and a small cup of Gatorade, and that he never saw a doctor. *Id.* at 9-10. Nevertheless, Villagran fails to allege any facts that show how Scott was personally involved in

7

the deliberate indifference to his serious medical needs, or how Hudson County, as a policy maker, was involved in the failure to provide him adequate and timely treatment for COVID-19. Therefore, the Court will **DISMISS** the Eighth Amendment inadequate medical care claims *without prejudice*.

### C. The Court Will Grant Villagran Leave to Amend the Complaint

When a complaint is subject to dismissal under § 1915(e)(2)(B), courts should grant a plaintiff leave to amend unless amendment is inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because Villagran may be able to allege facts that would cure the deficiencies identified above, the Court will grant him **45 days** to submit a proposed Amended Complaint. The proposed Amended Complaint will be subject to this Court's Section 1915(e)(2)(B) review prior to service. Failure to submit a proposed Amended Complaint within 45 days may result in dismissal of all claims with prejudice.

### IV. CONCLUSION

Villagran failed to allege that an official policy or practice of Hudson County caused his constitutional injuries under the Eighth Amendment of exposure to and lack of medical treatment for COVID-19. Similarly, Villagran failed to allege Scott's personal involvement in the alleged Eighth Amendment violations. Thus, his claims are not cognizable under 42 U.S.C. § 1983.

The Court will **DISMISS** the Complaint *without prejudice* for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii). Within **45 days,** Villagran may file a proposed Amended Complaint that cures the pleading deficiencies identified herein. As there is no current surviving claims, Villagran's Motion to Appoint Counsel is **MOOT**, D.E. 4, and the Court will **DISMISS** it *without prejudice*. An appropriate Order accompanies this Opinion.

Dated: February 3, 2025

_____
Evelyn Padin, U.S.D.J.